

**Crowe LLP**
Independent Member Crowe Global

One Mid America Plaza, Suite 600
Oakbrook Terrace, Illinois 60181-4705
Tel +1 630 574 7878
Fax +1 630 574 1608
www.crowe.com

July 15, 2024

BY E-MAIL

Richard M. Elias
Elias LLC
27 Lockwood Ave
St. Louis, MO 63119
relias@eliasllc.com

Re: *Medical Properties Trust, Inc. v. Viceroy Research LLC, et al.,* Case No. 2:23-cv-00408-RDP (N.D. Ill.), Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action to Crowe LLP

Dear Mr. Elias:

      I represent the accounting firm Crowe LLP ("Crowe") as in-house counsel to the firm. I write in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action (the "Subpoena") directed to Crowe in the above-referenced lawsuit (the "Litigation"). The Subpoena was served on Crowe's agent, CT Corporation, on July 3, 2024. The Subpoena requests that Crowe produce documents on July 17, 2024.

      Crowe is a certified public accounting firm that is not a party to the Litigation. Although Crowe's approach to third party subpoenas is a cooperative one, in its present form, the Subpoena is objectionable for several reasons. Crowe hereby preserves its objections to the Subpoena and provides the following objections to each and every request for production in the Subpoena:

1. Crowe objects to the Subpoena because it seeks production of documents without client consent. Rule 1.700.001 of the American Institute of Certified Public Accountants Code of Professional Conduct provides: "A member in public practice shall not disclose any confidential client information without the specific consent of the client."

2. Crowe objects to the Subpoena because it seeks documents protected by the accountant-client privilege and confidentiality. Crowe also objects to the Subpoena to the extent that it seeks documents that are protected from disclosure by (a) the attorney-client privilege; (b) the attorney work product doctrine; (c) the self-evaluative privilege; (d) any joint defense, common interest, or other shared privilege; and/or (e) any other applicable rule, regulation, statute, privilege, doctrine, immunity, or limitation on disclosure.



**Crowe LLP**
Independent Member Crowe Global

One Mid America Plaza, Suite 600
Oakbrook Terrace, Illinois 60181-4705
Tel  +1 630 574 7878
Fax +1 630 574 1608
www.crowe.com

3. Crowe objects to the Subpoena insofar as it seeks documents that may be obtained from another source that is a party to the litigation or more closely related to the case. By way of example and not limitation, many, if not all, of the documents requested in the Subpoena may be obtained from Steward. *See* Document Request 2 ("All communications with Steward related to any audit, financial analysis…), Document Request 4 ("All communications with MPT related to any audit, financial analysis…").

4. Crowe objects to the Subpoena insofar as it seeks documents that are not relevant to the Litigation and not proportional to the needs of the case. "It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *See*, *e.g.*, *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC,* No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013). Crowe did not provide services to a party to the Litigation.

5. Given the breadth and scope of the Subpoena, which Crowe received one day before a Federal holiday and two weeks before the deadline for Crowe to respond to the document requests, the Subpoena does not allow a sufficient or reasonable period of time for Crowe to investigate this matter and to comply with the Subpoena.

6. Crowe objects to the Subpoena to the extent that it purports to impose burdens or duties upon Crowe that exceed the requirements or permissible scope of non-party discovery set forth in the Local Rules and/or Federal Rules of Civil Procedure, any other applicable rule or law, or any orders entered by the Court in this action. Any and all costs relating to the Subpoena should be borne by the issuer, and Crowe objects to producing any materials sought by the Subpoena in the absence of issuer's written commitment to pay for all reasonable out-of-pocket production costs.

7. Crowe objects to the Subpoena because the document requests are improperly vague, unduly burdensome, overly broad, and so ambiguous that Crowe would be required to speculate as to the documents it seeks. By way of example and not limitation, Crowe objects to the vastly broad requests for "all documents" (Document Requests 1, 3 and 6) and "all communications" (Document Requests 1-6).

8. Crowe objects to the propriety of service of the Subpoena. It does not appear from the Subpoena that a copy was provided to counsel for the Plaintiff.

9. Crowe objects to the requests to the extent that they seek documents or information that Crowe deems to constitute or relate to confidential or proprietary information of Crowe, a trade secret or other confidential research, development, or commercial information, or otherwise deems to be protected from disclosure under applicable law or



**Crowe LLP**
Independent Member Crowe Global

One Mid America Plaza, Suite 600
Oakbrook Terrace, Illinois 60181-4705
Tel  +1 630 574 7878
Fax +1 630 574 1608
www.crowe.com

professional or contractual confidentiality obligations.  Any production by Crowe in response to the Subpoena will be pursuant to the terms of an appropriate confidentiality order.

Crowe's responses and objections to the Subpoena are not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed by or in the Subpoena.  In responding to the Subpoena, Crowe does not waive nor does it intend to waive, and instead expressly reserves, any and all objections to the Subpoena, as well as to jurisdiction, relevance, competence, susceptibility to discovery, materiality, admissibility, or use of any information provided.  Crowe does not waive its right to seek relief in the appropriate forum, including through a motion to quash or modify the Subpoena.  Crowe reserves all rights and objections with respect to this matter under all applicable rules, including the right to revise, amend, supplement, or clarify any of the responses or objections set forth herein.

For all of the foregoing reasons, the Subpoena is objectionable.  Accordingly, Crowe will not produce documents responsive to the Subpoena at this time.  Please direct any further communication regarding this matter to me at lauren.beslow@crowe.com or (630) 574-1876.


Sincerely,

*Lauren Beslow*

Lauren Beslow
Crowe LLP - Associate General Counsel