IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re the Matter to Enforce Subpoena Issued to Crowe LLP | ) ) ) ) | Miscellaneous Action<br><br>No. 24-cv-06069 |

## RESPONDENT CROWE LLP'S OPPOSITION TO MOTION TO ENFORCE SUBPOENA

Movants Viceroy Research LLC and certain individuals (collectively "Viceroy") are embroiled in litigation against a real estate investment trust: Medical Properties Trust, Inc. ("MPT"). The litigation apparently arose because Viceroy made certain statements about MPT. According to MPT's complaint, "[t]he thrust of most of these reports is that MPT purportedly engages in illegal 'round-trip' transactions by 'overpaying' owners of hospital properties and leasing those properties back to the sellers, who then operate the hospitals and return the 'overpayments' to MPT in the form of rent. The reports also accuse MPT executives of engaging in 'fraud' and juicing their own compensation." Ex. 1 (Compl.) ¶ 6.[1] Some of the statements at issue concern one particular hospital property: Steward Healthcare. Viceroy allegedly made "a series of reports claiming that MPT is deliberately concealing a secret ownership in certain Steward-connected hospitals in Malta." Compl. ¶ 59. Steward was also expressly linked to the "round-tripping" allegations. Compl. ¶ 71-72.

Viceroy has now issued a subpoena to Crowe LLP, an accounting firm that has nothing to do with Viceroy or MPT. Viceroy has issued the subpoena because Crowe was engaged to audit *Steward's* financial statements for the year 2022, but did not complete the audit or issue an audit report. Viceroy has asked that Crowe produce all documents and communications related to that

---

[1] The underlying action is *Medical Properties Trust, Inc. v. Viceroy Research LLC et al.*, 23-cv-00408-RDP (N.D. Ala.).

1

work. Dkt. 1, Attach. 4 at 7. Crowe has objected. Dkt. 1, Attach. 6. Viceroy moves to compel production. Viceroy's motion should be denied.

*First*, all documents related to Crowe's audit of Steward are protected by the Illinois accountants' privilege. This privilege is held by the accountant, and it protects "information or evidence which has been obtained in the [accountant's] confidential capacity as a licensed or registered CPA." 225 ILCS 450/27. Information received or created in the course of an audit was clearly obtained in Crowe's confidential capacity as a CPA.

*Second*, the subpoena subjects Crowe to an undue burden. Crowe is a non-party to this litigation—and so is Steward, Crowe's audit client. Viceroy hopes that Crowe's internal audit documents will show that Viceroy's statements about MPT were true—but there is no basis for this hope. Viceroy has no idea what Crowe's internal documents say. Further, there are other ways for Viceroy to establish a "truth" defense, such as discovery *from MPT itself*. Finally, even if the Illinois accountants' privilege does not apply, there can be no question that Steward engaged Crowe and provided highly sensitive information with the expectation of confidentiality. Auditors would struggle to do their jobs if they could be compelled to disclose client information in the circumstances of this case: a subpoena issued to a *non-party* auditor seeking information about a *non-party* client, where there is only *bare speculation* that the information would help the requestor—and in any event, the requestor could seek similar information from a party.

The procedural history of this subpoena is noteworthy. Viceroy served this subpoena on Crowe on July 3, one day before a national holiday, and at a time when Crowe's firm-wide offices were closed until July 8. The subpoena sought extensive documents with a return date of July 17, only two weeks after it was served, and a little more than a week after Crowe's offices

2

reopened. Crowe issued its objections on July 15. On July 18, just one day after the return date, and after making no attempt to meet and confer about the objections and the scope of the information sought, Viceroy filed this motion.

## ARGUMENT

**I.        The requested documents are protected by the Illinois accountants' privilege.**

Steward's engagement letter with Crowe provides that the relationship between those parties will be covered by Illinois law:

> This Agreement, including any dispute arising out of or related to this Agreement and the parties' relationship generally, will be governed and construed in accordance with the laws of the State of Illinois applicable to agreements made and wholly performed in that state, without giving effect to its conflict of laws rules to the extent those rules would require applying another jurisdiction's laws.

Ex. 2 at 5. The parties therefore understood that Illinois' accountants' privilege would apply.

Under Illinois law, "[a] licensed or registered CPA shall not be required by any court to divulge information or evidence which has been obtained in the licensee or registrant's confidential capacity as a licensed or registered CPA." 225 ILCS 450/27. This privilege belongs to the accountant—it may be asserted independently of (and even against) the client. *Brunton v. Kruger*, 2015 IL 117663, ¶ 46 ("the privilege created by section 27 of the Public Accounting Act is held by the accountant and may be asserted or waived by him"); *see also id.* ¶ 33 ("even if a client were to consent to disclosure by the accountant, the statute still protects the accountant from being required by a court to divulge the information"). The privilege applies in federal court. *Western Employers Ins. Co. v. Merit Ins. Co.*, 492 F. Supp. 53, 54-55 (N.D. Ill. 1979) (quashing subpoena directed to accountant based on the Illinois accountants' privilege).

3

Viceroy has requested "[a]ll documents and communications related to any audit, financial analysis, due diligence, or other work you did for Steward in 2022 or 2023." Dkt. 1, Attach. 4 at 7. (Viceroy's other requests are simply subcategories of this one.) The work done for Steward was audit work, and the documents and communications related to that work meet all three elements of the privilege.

*First*, Crowe is a licensed CPA. Ex. 3 (printout from Illinois Department of Financial and Professional Regulation website).

*Second*, the documents at issue were created or obtained in Crowe's capacity as a licensed CPA. Crowe was engaged to perform an audit of Steward's financial statements and obtained the requested information in that capacity. Ex. 2 at 1 ("We will audit and report on the consolidated financial statements . . . for the year ended December 31, 2022."). Audit work (sometimes called "attest" work) is a quintessential CPA responsibility. The Illinois Public Accounting Act provides that "[p]ersons, . . . who sign, affix, or associate names . . . to any report ***expressing or disclaiming an opinion on a financial statement based on an audit or examination of that statement***, or expressing assurance on a financial statement, shall be deemed to be in practice as licensed CPAs." 225 ILCS 450/8 (emphasis added); *accord* 225 ILCS 450/8.05 (defining "accountancy activities" to include similar work, including "other attestation engagements not otherwise defined").

*Third*, the documents at issue were created or obtained under an expectation of confidentiality. The Crowe-Steward engagement letter makes this clear.

- "Our audit and work product are intended for the benefit and use of the Client only.. . . . The working papers for this engagement are the property of Crowe and constitute confidential information."

- "CONFIDENTIALITY – Except as otherwise permitted by this Agreement or as agreed in writing, neither Crowe nor Client may disclose to third parties the

4

>contents of this Agreement or any information provided by or on behalf of the other that ought reasonably to be treated as confidential and/or proprietary. Client use of any Crowe work product will be limited to its stated purpose and to Client business use only."

Ex. 2 at 2, 8.

*Brunton* clearly held that the privilege contains "only one express exception, indicating a legislative intent to limit exceptions to that single instance." *Brunton*, 2015 IL 117663, ¶ 67.[2] There are no other exceptions.

Accordingly, the documents at issue are privileged. The motion to enforce the subpoena should be denied.

## II.     The subpoena imposes an undue burden on a non-party.

In addition to the accountants' privilege, the request for documents and communications related to Crowe's audit work for Steward is objectionable for an independent reason: it imposes an undue burden. Under Rule 45(d)(3)(A)(iv), the district court must quash or modify a subpoena that "subjects a person to undue burden." "When analyzing whether a burden is 'undue' the Seventh Circuit . . . takes in account a number of factors including whether (1) the party subpoenaed is a non-party in the underlying suit; (2) the information requested is relevant, (3) the party requesting the information has a substantial need for the documents; (4) the document request is overly broad; (5) the time period the request covers is reasonable; (6) the request is sufficiently particular; and (7) the request imposes a burden." *Am. Soc'y of Media Photographers v. Google, Inc.*, No. 13 C 408, 2013 U.S. Dist. LEXIS 64041, at *4 (N.D. Ill. May 6, 2013).

***Non-Party Status.*** Crowe is a non-party to this litigation. As one court in this district has put it, "courts have consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue," because non-

---

[2] The one exception in the statute is for regulatory investigations and is not at issue here.

5

parties "have a different set of expectations than parties." *Rossman v. EN Engineering, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020). "The rationale for the undoubted solicitude accorded non-parties is that, although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp.3d 811, 813 (N.D. Ill. 2015). "Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.*

***Relevance and Substantial Need.*** Notably, "non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, No. 03 C 4433, 2005 U.S. Dist. LEXIS 1331, at *5 (N.D. Ill. Jan. 5, 2005).

Viceroy says the audit documents will show two things: (1) that Viceroy's statements about MPT and Steward are true; and (2) that MPT "improperly" brought the case "in collusion with Steward." Mot. at 3. But neither theory is sufficient to entitle Viceroy to the requested non-party discovery.

Viceroy's first argument is a fishing expedition. No doubt, "truth" is a defense to a defamation action. But there is no basis whatsoever to believe Crowe's audit workpapers or internal communications show that MPT is deliberately concealing a secret ownership in certain Steward-connected hospitals in Malta, or that Viceroy and Steward have been engaged in round-trip loans. *See Patterson*, 2005 U.S. Dist. LEXIS 1331, at *8 (quashing subpoena where "Defendants are simply speculating, however, that the news organizations' non-published materials contain impeachment information or admissions").

Further, Viceroy does not have a substantial need for Crowe's internal documents, because Viceroy ought to be able to establish its "truth" defense through other sources. For instance, Viceroy presumably had some basis for its statements at the time they were made. Also, Viceroy now has the ability to take discovery from MPT—a party to this litigation and a subject of the statements—under the broad standards of Rule 26. *Rossman*, 467 F. Supp.3d at 590 ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative."). Crowe's audit client is not even a party to the underlying litigation.

Viceroy's second argument makes no sense at all. Viceroy does not explain how "collusion" between MPT and Steward would serve as a defense to MPT's claims. And there is no reason to think Crowe's audit documents would show such collusion. If such collusion did exist, discovery from MPT should be enough to establish it.

***Breadth of the Request:*** Viceroy seeks "[a]ll documents and communications related to any audit, financial analysis, due diligence, or other work you did for Steward in 2022 or 2023." Dkt. 1, Attach. 4 at 7. This could include not just audit workpapers, but also internal Crowe emails and emails between Crowe and its client. In order to produce such emails, Crowe would have to search the emails of certain custodians and then have counsel review the results. This would entail substantial expense.

***Burden:*** "Burden in this context means more than mere administrative hardship. It encompasses the interests that enforced production would compromise or injure." *Patterson*, 2005 U.S. Dist. LEXIS 1331, at *9.

As we just noted, Viceroy's request for communications would impose substantial administrative hardship. But even if Crowe's production were limited to a discrete set of

7

documents that resulted in little administrative burden, the other burdens involved would be substantial. Even if this Court determines that the Illinois accountants' privilege does not apply, there is no question that Crowe and its client expected Crowe's work product to remain confidential. *See supra* Argument I. The expectation of confidentiality allows clients to disclose highly sensitive internal business and financial information to their auditors. The auditors review the highly sensitive information to express an opinion on the less sensitive, higher-level material on the client's financial statements. The expectation of confidentiality makes the audit process work.

      This case is similar to *Patterson*, in which the defendant sought to subpoena non-published source material from news reporters. As the court recognized, "the news organizations' efforts to maintain their independence and gain the trust of sources is an interest that will be severely impaired if mere relevance, meaning as it does here a mere relationship to the subject matter of a civil suit, makes their non-public records available on request." *Id.* at *10. Something similar is true here. Auditors are able to express independent opinions on client financial statements because they are able to access and examine highly confidential information. Auditors' ability to do their jobs would suffer if the auditor could be subpoenaed because the client had "a mere relationship to the subject matter of a civil suit."

      In short, Viceroy's subpoena poses an undue burden on Crowe. Under Rule 45, this Court must deny the motion to enforce.

## CONCLUSION

For the foregoing reasons, the motion to enforce Viceroy's subpoena should be denied.

                                                Respectfully submitted,

                                                */s/ Thomas F. Falkenberg*
                                                  Attorney for Crowe LLP

Thomas F. Falkenberg
Falkenberg Ives LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
(312) 566-4801
tff@falkenbergives.com