IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re the Matter to Enforce Subpoena Issued to Crowe LLP** ) ) ) ) | Miscellaneous Action<br><br>No. 1:24-cv-06069 |

### MOVANTS' REPLY TO RESPONDENT CROWE'S OPPOSITION TO MOTION TO ENFORCE SUBPOENA

Movants[1] respectfully submit their reply to Respondent Crowe's opposition to Movant's motion to enforce the subpoena duces tecum duly served on Crowe.

A. **The Documents Sought Are Not Privileged Under the Applicable Law—Alabama Law.**

Crowe claims that all the documents requested are protected by the Illinois accountant-client privilege, codified at 225 ILCS 450/27. Crowe, however, has erroneously assumed that Illinois law governs this dispute.

The underlying action is a diversity action brought in Alabama, where MPT—an Alabama citizen—asserts claims against Movants—who are also not Illinois citizens—under Alabama common and statutory law. In "a civil case, state law governs privilege regarding a claim or defense for which state law provides the rule of decision." Fed. R. Ev. 501. Because Alabama law governs the claims and defenses in this case, Alabama's privilege law applies. *See Dawson v. New York Life Ins. Co.*, 901 F. Supp. 1362, 1366 (N.D. Ill. 1995) ("Because this is a diversity action in which Illinois law applies the rule of decision, the Court finds that Illinois law on the attorney-client privilege governs."); *Central Die Casting and Mfg. Co. v. Tokheim Corp.*, 1994 WL 444796, at *2 (N.D. Ill. 1994) (same); *Robertson v. Yamaha Motor Corp.,* 143 F.R.D.

---

[1] All capitalized and abbreviated terms used herein have the same meaning as set forth in Movants' opening motion.

1

194, 197 (S.D. Ill. 1992) ("In civil cases based on diversity jurisdiction, a claim of privilege is decided based on the state law which provides the rule of decision as to the claim or defense.").

There is no accountant-client privilege in Alabama. *See* Alabama Practice Series, Trial Handbook for Alabama Lawyers § 26:17 (recognizing that there is no accountant-client privilege under Alabama law). Therefore, Crowe's accountant-client privilege claim fails.

Importantly, Crowe cites no case supporting its contention that Illinois law applies here. It simply relies on a choice-of-law provision in its engagement agreement with Steward that provided that Illinois law would generally govern the parties' relationships. But the issue here is not what law should apply to a dispute between Steward and Crowe. Rather the issue is what law applies to a dispute between Movants and Crowe—who are not parties to any contract—over whether an evidentiary privilege applies in a suit pending in an Alabama federal court where all claims are asserted under Alabama law. The Illinois statutory privilege simply does not apply here.[2]

**B.** <u>**Even if the Illinois Privilege Is Applied, Documents and Communications Given to or Received from Third Parties Are Not Privileged.**</u>

Even if the Court were to apply the Illinois accountant-client privilege (which, as discussed above, it should not), not all documents requested are protected by that privilege. Illinois courts have held that while some documents related to audit services may be protected by the privilege, the privilege does not protect documents communicated to or filed with third parties, or documents received from third parties. *See FMC Corp. v. Liberty Mut. Ins. Co.*, 603

---

[2] While not relevant to the issue of whether Alabama law applies, it is important to note that Steward is headquartered in Dallas, Texas and has no presence in Illinois. Texas also has no accountant-client evidentiary privilege. *See DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, 2014 WL 585750, at *4 (S.D. Tex. 2014) ("There is no accountant-client privilege in Texas."). Although Crowe is headquartered in Illinois, Crowe provides its services through more than 5,000 specialists from dozens of offices throughout the United States. *See* Crowe's "Our Offices" webpage (available at https://www.crowe.com/about-us/our-offices). Notably, Crowe has not asserted that any of the work performed for Steward in this case was performed in Illinois.

N.E.2d 716, 719-20 (Ill. App. 1992). Here, Movants' requests specifically seek documents and communications with third parties, including MPT. *See, e.g.,* Subpoena (ECF #1-4), at Ex. A at Requests 4-5. These communications with third parties must be produced even if the Court applies the Illinois accountant-client privilege.

**C.      The Subpoena Does Not Impose an Undue Burden.**

Crowe's conclusory arguments that the subpoena poses an undue burden are without merit. The subpoena seeks a discrete set of documents from a limited time period (2022 and 2023) related to auditing work that Crowe did pursuant to one specific engagement with Steward. This is a narrowly tailored subpoena involving a presumably narrow set of custodians from both Steward and Crowe. Indeed, Crowe has not provided any evidence suggesting the contrary.

Further, the documents sought are relevant. The statements that MPT claims were defamatory in the underlying case include statements that Steward was insolvent (which it clearly was given the fact that it is now in bankruptcy) and that MPT attempted to keep Steward afloat through uncommercial transactions that effectively infused Steward with working capital so it could, among other things, pay MPT rent. The audit work at issue is clearly relevant to showing what funds Steward received from MPT and how it characterized those funds, as well as what accounting irregularities were present at Steward such that Crowe could not complete the audit.

Finally, there is a substantial need for the documents. MPT has been unable, despite demands from the SEC, to publish Steward's audited 2022 financials because no auditor, including Crowe, would sign off on them. The information behind the audit work is uniquely in Steward and Crowe's possession. Therefore, Movants cannot get the documents from MPT.

Further, Steward is currently in Chapter 11 bankruptcy proceedings, so Movants cannot get those documents from Steward. Thus, the *only* party Movants can get the requested documents from is Crowe.

For these reasons, the documents are not privileged, there is no undue burden, and Crowe must produce the requested documents.

Dated: August 30, 2024

Respectfully submitted,

**ONDERLAW, LLC**
*/s/ W. Wylie Blaire*
W. Wylie Blair, #06285762
ONDERLAW, LLC
110 E. Lockwood Ave, 2nd Fl
St. Louis, MO 63119
Tel: (314) 963-9000
Fax: (314) 963-1700
blair@onderlaw.com

Richard M. Elias
MO Bar #53820 (Pro Hac Vice)
Elias LLC
27 W. Lockwood Ave
St. Louis, MO 63119
(314) 391-6820
relias@eliasllc.com

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on counsel of record through the Court's CM/ECF filing system.

/s/ Richard M. Elias
Richard M. Elias

4