IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | Case No. 24-cv-06069 |
| In re. the Matter to Enforce Subpoena | ) |  |
| Issued to Crowe LLP | ) | Judge Martha M. Pacold |
|  | ) |  |
|  | ) | Magistrate Judge Jeannice W. Appenteng |
|  | ) |  |

## **ORDER**

Before the Court is a motion filed by Movants Viceroy Research LLC, Fraser Perring, Gabriel Bernarde, and Aidan Lau (collectively, "Movants") to enforce a subpoena issued to Crowe LLP. Dkt. 1. For the following reasons, the motion is denied.

Movants are defendants in a defamation lawsuit pending in the United States District Court for the Northern District of Alabama. *Medical Properties Trust, Inc. v. Viceroy Research LLC, et al.*, No. 2:23-cv-00408-RDP (N.D. Ala.). According to the underlying complaint, plaintiff Medical Properties Trust, Inc. ("MPT") is a real estate investment trust that acquires and develops healthcare facilities to lease to operating companies, like Steward Health Care System LLC ("Steward"), under long-term leases. ECF No. 1 ¶¶ 10, 20, N.D. Ala., No. 2:23-cv-00408-RDP ("Compl."). MPT alleges, among other things, that Movants made false accusations of "round-tripping." *Id.* ¶ 45. "Round-tripping occurs when a party transacts with a counterparty to provide funds with the understanding that the counterparty will later return those funds in a second transaction." ECF No. 52 at 4, N.D. Ala., No. 2:23-cv-00408-RDP. MPT contends Movants published reports which falsely claimed MPT "engages in illegal 'round-trip' transactions by 'overpaying' owners of hospital properties and leasing those properties back to the sellers, who then operate the hospitals and return the 'overpayments' to MPT in the form of rent." Compl. ¶ 6; *see also id.* ¶ 47.

Movants assert truth as an affirmative defense. ECF Nos. 58 at 8; 69 at 8, N.D. Ala., No. 2:23-cv-00408-RDP. Movants argue that MPT's operator-tenants, pertinently Steward, "were insolvent and that MPT was masking that insolvency [through round-tripping] by providing working capital to its tenants through uncommercial transactions." Dkt. 1 at 1–2. Looking to prove this contention, Movants served a subpoena on Crowe because Steward engaged Crowe to audit

Steward's 2022 financial statements.[1] *Id.* at 3; Dkt. 11 at 1. The subpoena seeks documents related to any audit or financial work Crowe did for Steward in 2022 or 2023. Dkt. 1-4 at 7. Crowe objected to the subpoena, and Movants then filed the instant motion.

Crowe contends the documents Movants request are protected by Illinois' accountant-client privilege. Dkt. 11 at 3–5. This privilege provides that "[a] licensed or registered CPA shall not be required by any court to divulge information or evidence which has been obtained in the licensee or registrant's confidential capacity as a licensed or registered CPA." 225 ILCS 450/27. In response, Movants argue that since Alabama law applies to the underlying lawsuit, it likewise applies to this discovery dispute. Dkt. 15 at 1–2. Further, Movants assert that because the accountant-client privilege does not exist under Alabama law, Crowe's privilege claim fails. *Id.* at 2. Because the parties dispute which state's law governs the question of privilege, and the difference in law impacts the resolution of the instant discovery dispute, there is a true conflict-of-law issue. *See In re Forty-Eight Insulations, Inc.*, Nos. 85 C 5061, *et al.*, 1992 WL 71726, at *5 (N.D. Ill. Mar. 30, 1992). Accordingly, the Court will determine first which law governs.

Federal Rule of Civil Procedure 45 governs subpoenas directed to non-parties. The scope of a Rule 45 subpoena "is as broad as what is otherwise permitted under" the discovery rules. *In re: Subpoena Upon Nejame Law, PA.*, No. 16-cv-4619, 2016 WL 3125055, at *2 (N.D. Ill. June 3, 2016). Accordingly, through a Rule 45 subpoena, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

It is well settled that "privilege" under the Federal Rules of Civil Procedure means privilege as determined by the Federal Rules of Evidence. *See United States v. Reynolds*, 345 U.S. 1, 6 (1953); *Roberts v. Carrier Corp.*, 107 F.R.D. 678, 685 (N.D. Ind. 1985). Federal Rule of Evidence 501 provides that the availability of a privilege in a diversity action is governed by the law of the forum state. However, "the Rule does not specify which state is the forum state in a discovery dispute arising out of litigation in another state." *Urban Outfitters, Inc. v. DPIC Companies, Inc.*, 203 F.R.D. 376, 379 (N.D. Ill. 2001).

---

[1] Movants refer to an article published by the Organized Crime and Corruption Report Project to support their arguments noting that the article states that Crowe allegedly "refused to sign off on [Steward's] financial statements." Dkt. 1 at 7. However, this is an inaccurate and misleading reading of the article. The article, attached as an exhibit to Movant's motion, simply states that a Steward employee would potentially leak information about a possible several-hundred-million-dollar hole in Steward's budget to Crowe, not that Crowe had discovered the hole and thereafter refused to sign the audit of the financial statements. Dkt. 1-2 at 12.

2

In this Circuit, the law of the state where the district court resolving the discovery dispute sits controls. *Palmer v. Fisher*, 228 F.2d 603, 608–09 (7th Cir. 1955) (applying Illinois privilege law to an Illinois CPA subpoenaed in a Florida lawsuit), *rev'd on other grounds*, *Carter Prods., Inc. v. Eversharp, Inc.*, 360 F.2d 868, 870–72 (7th Cir. 1966); *Urban Outfitters*, 203 F.R.D. at 379 ("[T]he law of the state where the discovery dispute is being resolved controls."); *see also CSX Trans. v. Lexington Ins. Co.*, 187 F.R.D. 555, 558–59 (N.D. Ill. 1999) (applying Illinois law to discovery dispute despite Florida law governing the substantive issues). Since this Court sits in Illinois, it will apply Illinois law, which holds that discovery issues arising in Illinois are generally governed by Illinois law. *See Mistler v. Mancini*, 443 N.E.2d 1125, 1128 (Ill. App. Ct. 1982) ("Discovery in Illinois in aid of an action pending in another state must be conducted pursuant to Illinois rules.").

Under Illinois law, the accountant-client privilege protects confidential information and communications obtained by the accountant in their capacity as a licensed or registered CPA. 225 ILCS 450/27; *Brunton v. Kruger*, 32 N.E.3d 567, 576 (Ill. 2015) (holding that the privilege "is held by the accountant and may be asserted or waived by him").[2] The Court finds the documents Movants request are protected by the accountant-client privilege. Crowe is a licensed CPA. Dkt. 11-3. The documents sought were obtained by Crowe in its capacity as a licensed CPA. Dkt. 11-2 at 4 (Steward's management "is responsible for providing to [Crowe] . . . all information of which management is aware that is relevant to the preparation and fair presentation of the Financial Statements, such as records, documentation, and other matters. Management is also responsible for providing such other additional information [Crowe] may request for the purpose of the audit[.]"). Further, the documents at issue were created or obtained under an expectation of confidentiality. *Id.* at 2, 8 ("The working papers for this engagement are the property of Crowe and constitute confidential information. . . . Crowe . . . may [not] disclose to third parties . . . any information provided by or on behalf of [Steward] that ought reasonably to be treated as confidential and/or proprietary.").

Alternatively, even if the Court found Alabama law applied (under which there is no accountant-client privilege), it would nevertheless deny Movant's motion as it subjects Crowe to an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("[T]he court for the district where compliance is required must quash or modify a subpoena

---

[2] The accountant-client privilege has a single exception, that is, "if an accountant is the subject of a professional disciplinary investigation or hearing, he cannot claim the privilege." *Brunton*, 32 N.E.3d at 578; 225 ILCS 450/27 ("This Section shall not apply to any investigation or hearing undertaken pursuant to this Act."). The Court has no indication that this case involves any professional disciplinary investigation of Crowe. Accordingly, the exception does not apply here.

that subjects a person to undue burden."). To analyze undue burden, courts apply a balancing test, considering: (1) status as a non-party, (2) relevance of the discovery sought, (3) the subpoenaing party's need for the information, and (4) the breadth of the request and the burden imposed on the subpoenaed party. *LKQ Corp. v. Kia Am., Inc.*, No. 21 C 3166, 2023 WL 6623363, at *2 (N.D. Ill. Oct. 11, 2023). Non-party status "is a significant factor." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013). Here, these factors weigh against compelling Crowe's compliance. Crowe is a non-party to the underlying lawsuit, as is Steward. And the relevance of the requested discovery is, at best, speculative. Movants do not demonstrate Crowe's internal audit documents have any tendency to prove Movants' statements about MPT—that MPT concealed ownership in Steward hospitals or that it engaged in round-tripping—were true. Additionally, Movants can seek information to establish their truth affirmative defense through discovery from MPT itself.

Accordingly, the Court denies Movants' motion to enforce the subpoena as it seeks privileged material and subjects Crowe to an undue burden. Crowe need not respond to Movants' subpoena.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 11/14/2024